RECEIVED

SEP 18 2015

AT 8:30_____M
WILLIAM T. WALSH
CLERK

GSG/ZI/RAH/2009R00421

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. |
| | : | |
| v. | : | Crim. No. 15- 476 (AET) -01 |
| | : | |
| ALLEN POLLAK, | : | 18 U.S.C. §§ 1957 & 2 |
| a/k/a "Rabbi Pollak" | : | |

## INFORMATION

The defendant having waived in open court prosecution by Indictment, and any defenses based on statutes of limitations, the United States Attorney for the District of New Jersey charges:

1. At all times relevant to this Information:

    a. Eliyahu Weinstein, a/k/a "Eli Weinstein," was a resident of Lakewood, New Jersey, and purported to be a real estate investor, operating through numerous entities that he either owned or controlled (collectively, the "Weinstein Entities").

    b. The Weinstein Entities included, among others, Pine Projects, LLC ("Pine Projects") and PSRC, LLC ("PSRC").

    c. Defendant ALLEN POLLAK, a/k/a "Rabbi Pollak," was a resident of Lakewood, New Jersey. Defendant POLLAK solicited investments from victims on behalf of Weinstein and was a signatory for bank accounts held in the name of PSRC, as well as Vaad Lehakomas Kollelim ("V.L.K.") and Yeshiva Gedola of Seagate ("Y.G.S.") – two purportedly "charitable" organizations. At various times, defendant POLLAK and Weinstein used the PSRC, V.L.K. and

Y.G.S. bank accounts, among others, in furtherance of the fraud scheme described herein.

2. Between in or about 2008 through in or about August 2010, at the direction of Weinstein, defendant POLLAK solicited money for real estate investments from individuals in the Orthodox Jewish community in or around Lakewood, New Jersey, and elsewhere (the "Victim Investors"). Rather than use the solicited funds for the real estate transactions that had been represented to the Victim Investors, defendant POLLAK and Weinstein moved Victim Investors' funds, often in increments of more than $10,000, through PSRC, V.L.K. and Y.G.S. bank accounts, which were controlled by defendant POLLAK, and used material portions of the raised funds for other purposes without disclosing these diversions of funds to victims. When questioned about the status of their investments, defendant POLLAK and Weinstein falsely told Victim Investors that their funds had been invested as represented.

3. For example, on or about July 14, 2008, at Weinstein's direction, defendant POLLAK solicited approximately $365,000 from a Victim Investor in connection with a purported real estate investment. The Victim Investor wired the funds to a PSRC account at T.D. Bank ending in 7706 (the "7706 Account"). Rather than use these funds in connection with any real estate transaction, defendant POLLAK caused a series of transfers, including a wire transfer of approximately $135,000 to an account at T.D. Bank ending in 9240 controlled by Weinstein (the "9240 Account").

4. In total, from in or around 2008 and in or around 2010, millions of dollars were provided by Victim Investors to PSRC, V.L.K. and Y.G.S., and then transmitted to accounts owned or controlled by Weinstein Entities and others.

5. On or about July 14, 2008, in Ocean County, in the District of New Jersey, and elsewhere, defendant

**ALLEN POLLAK,**
**a/k/a "Rabbi Pollak,"**

knowingly engaged and attempted to engage in a monetary transaction, by, through, and to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is, the wire transfer of approximately $135,000 from the 7706 Account to the 9240 Account, such property having been derived from specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1343 and Section 2.

In violation of Title 18, United States Code, Section 1957 and Section 2.

## FORFEITURE ALLEGATION

1. The allegations contained in this Information are hereby realleged and incorporated by reference for the purpose of noticing forfeitures pursuant to Title 18, United States Code, Section 982(a)(1).

2. The United States hereby gives notice to the defendant ALLEN POLLAK that upon his conviction of the offense charged in the Information, the government will seek forfeiture in accordance with Title 18, United States Code, Sections 982(a)(1), which requires any person convicted of such offenses to forfeit any property constituting or derived from proceeds obtained directly or indirectly as a result of such offenses and all property involved in any such offenses, including but not limited to a sum of money equal to at least $3.82 million in United States currency.

3. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code,

Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of such defendant up to the value of the forfeitable property described in paragraph 2.

*[signature: Paul J. Fishman]*

PAUL J. FISHMAN
United States Attorney

**CASE NUMBER:**

# United States District Court
# District of New Jersey

**UNITED STATES OF AMERICA**

v.

**ALLEN POLLAK,**
**a/k/a "Rabbi Pollak"**

## INFORMATION FOR
18 U.S.C. § 1957 and § 2

**PAUL J. FISHMAN**
*U.S. ATTORNEY*
*NEWARK, NEW JERSEY*

RACHAEL A. HONIG
GURBIR S. GREWAL
ZACH INTRATER
*ASSISTANT U.S. ATTORNEYS*
*(973) 645-2700*